(S. C., 2 Barb. 277; 10 N. Y. 465.)

EMMET, Receiver of the Alliance Mutual Insurance Company, *against* ALMET REED.

*Stock note; cancelling by premiums.*

ON the first day of May, 1845, the defendant gave his note to the Alliance Mutual Insurance Company for $5,000, payable twelve months from date. The note was given under the 12th section of the act incorporating the Atlantic Mutual Insurace Company, referred to in, and made part of, the charter of the Alliance Mutual Insurance Company.

When the note was given, it was agreed between the defendant and the secretary of the company that the defendant should have the right of paying the whole amount of it in policies of insurance, which he might procure in his own name, or in the names of others whom he should influence to insure in the company. There was no authority given by the company to take

the note on those terms; but the secretary informed the president of the terms, and he approved of the transaction, and directed that the note should be used exactly upon the terms upon which it had been taken.

Subsequently the defendant obtained insurances in his own name, and procured insurances by other persons with the company, and the premiums in both cases were credited to him, on the books of the company, against his note. Balances were struck on the books from time to time, the defendant giving new notes for such balances, and the old notes being given up to him, until his credits exceeded the amount of the last note, which was then given up. The amount so credited to the defendant, from premiums paid upon policies of insurance issued to other persons, amounted to between two and three thousand dollars, and that sum, with interest, was sought to be recovered in this suit, which was commenced by the receiver of the company appointed after its failure.

The referees before whom the cause was tried reported in favor of the defendant, on the ground that it was lawful for this company, under the 12th section before referred to, to accept notes upon the terms upon which the defendant's note was given, and that the agreement made in that respect was valid.

Their report was confirmed by the Superior Court, and judgment rendered for the defendant, on that ground.

This court, without passing upon the questions, whether the agreement was valid and binding upon the company under the 12th section, as an executory agreement, or whether parol evidence was competent to show the note delivered upon any such condition, affirmed the judgment, on the ground that the agreement had been completely executed; that the company having availed itself of the defendant's services and influence in procuring insurances, and applied the premiums upon his note until it was cancelled, neither the company nor

its creditors could now be permitted to repudiate the agreement, and substitute a different one in its place.

(S. C., 4 Sandf. 229; 8 N. Y. 312.)